Shauck, C. J.
The motion is supposed to he justified by section 6711, Revised Statutes, which requires the printing of the record which is to be reviewed or the depositing with the clerk of sufficient money to pay for such printing, and provides that if the plaintiff in error “fail for sixty days after filing the petition in error to file such printed record or make such deposit, the petition in error shall be dismissed, unless the court, on good cause shown, extend the time or dispense with such printing.” But by the terms of the section it can have no application to the petition whose dismissal is sought, for since the filing of that petition there has been no failure to file the printed record within the time required. The petition which was not followed by the filing of the printed record within the time limited was dismissed by the voluntary act of the plaintiff in error and by leave of the court. The present petition having been filed within four months of the rendition of the judgment whose reversal is sought, and that having been followed within sixty days by the filing of the printed record as required by the section quoted, the motion must be overruled unless we conclude either that the section affects the limitation on the proceeding in error or that it gives to the filing of the former petition and the action which was taken with respect to it the effect of an *361 adjudication upon the errors assigned in the present petition.
The section contains no language suggestive of an intention to give it either effect. It leaves the limitation of the proceeding in error wholly to section 6723, Revised Statutes, which relates exclusively to that subject, and provides that it shall be commenced “within four months after the rendition of the judgment or the making of the final order complained of.” There is not in either section a provision giving any effect whatever to the filing and voluntary dismissal of a petition in error before the time limited for the commencement of the proceeding. The question is, therefore, to be determined by the rule with which repeated, decisions have made the bar of the state familiar, viz., that proceedings in error, in the absence of provisions especially relating to them, are governed analogically by the rules and principles applicable to original actions. The question presented by the motion before us could not have been determined by the entry formerly made, for the present petition in error had not yet been filed. The only question which could then have been raised upon the record was whether the former petition should have been dismissed. But really nothing was decided. The record shows that the dismissal of the former petition was without prejudice, and as the voluntary act of the party it was necessarily so. If a motion to dismiss the former petition had been made and considered the. court might then have exercised the discretion clearly conferred by the section quoted to extend the time for filing the printed record, or it might have dispensed with it entirely. None of the elements of a former adjudication appears.
*362 Railroad Company v. Belt, 36 Ohio St., 93, is cited as an authority in support of the motion. The case is so scantily reported that the grounds of the decision do not certainly appear. It does, however, appear that in that case a motion to dismiss thé former petition had been made and a counter motion had been made by the defendant in error for further time in which to file the printed record. These motions were contested. The latter motion was overruled and the former sustained, and that action was held to require the dismissal of a petition subsequently filed for the reversal of the same judgment. Whether the refusal to extend the time for filing the printed record was because the proceeding was found to be without merit does not appear in the report. The case suggests no reason why the present petition in error should be dismissed, and We need not consider whether it justifies the action there taken.

Motion overruled.

Price, Summers and Davis, JJ., concur.